IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENÉ D. LUNA *et al.*, | ) |
| | ) |
| Plaintiffs, | ) No. 11-CV-01783 |
| | ) |
| v. | ) Judge James B. Zagel |
| | ) |
| AMERICA'S BEST CONTACTS & EYEGLASSES, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative nationwide class action, styled *René D. Luna et al v. America's Best Contacts & Eyeglasses, Inc.*, No. 11-CV-01783, is pending before the Court (the "Action");

WHEREAS, the Parties have moved jointly for entry of an order granting preliminary approval to the settlement of the Action, in accordance with the Stipulation and Class Settlement Agreement ("Agreement") dated September 20, 2012 which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Action (the "Settlement") and the dismissal of the Action upon the terms and conditions set forth therein;

WHEREAS, the Parties to the Agreement having consented to entry of this Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order");

WHEREAS, the Court has read and considered the Agreement and the accompanying documents; and

WHEREAS, all capitalized terms used herein having the same meanings set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 4th day of October, 2012 that:

I. **Preliminary Certification of the Settlement Class**

　A. **Settlement Class**

The Court preliminarily certifies, pursuant to Rule 23(b)(2), for purposes of effectuating the Settlement only, a Settlement Class consisting of all persons who (a) have an ambulatory disability for which they use wheelchairs or scooters, and (b) between the dates of March 15, 2009 and the date of entry of the Final Approval Order and Judgment were or would have been unable to obtain eye examination services and care at an America's Best Store due to a reason related to their disability or who were otherwise treated adversely due to a reason related to their disability.

　B. **Class Representatives**

The Court conditionally appoints René D. Luna, Rebecca Wylie, and Javier Robles as Class Representatives for purposes of settlement only.

　C. **Class Counsel**

Upon consideration of all factors under Federal Rule of Civil Procedure 23(g)(1), the Court conditionally appoints the law firm of Robbins, Salomon & Patt, Ltd. as Class Counsel for the sole purpose of seeking to achieve and implement a settlement of the Action on behalf of the Settlement Class.

II. **Preliminary Approval of the Settlement**

After a preliminary review, and subject to the Final Settlement Hearing described below, the Court preliminarily finds that the Settlement of the Action, as provided for in the Agreement, appears to be fair, reasonable, and adequate with respect to the Settlement Class. The Settlement also appears to be free of collusion to the detriment of Settlement Class Members, and its terms are within the range of apparent reasonableness, fairness and adequacy.

III. **Approval of the Form and Manner of Distributing the Notice of Settlement.**

    A. **Approval of Notice**

As provided for in the Agreement, the Parties have submitted a proposed Settlement Notice and Summary Notice (collectively "Notices"), copies of which are attached to this Preliminary Approval Order as Exhibits 1 and Exhibit 2, respectively.

In accordance with Paragraph 9.2 of the Agreement, America's Best shall retain Rust Consulting, Inc., to act as Settlement Notice Administrator. Within forty-five (45) days of entry of the Preliminary Approval Order, Rust Consulting, Inc., shall cause the Summary Notice to be published on one occasion in USA Today, Ability Magazine, PN (Paraplegia News), and New Mobility. Within twenty-one (21) days of entry of the Preliminary Approval Order, Class Counsel shall send the Summary Notice to community organizations, listed on Exhibit F of the Agreement, a copy of which is attached to this Preliminary Approval Order as Exhibit 3, and request the inclusion on their websites. In the event the community organizations do not host a website, Class Counsel shall request that the Summary Notice be included on one occasion in their publications. Within twenty-one (21) days of entry of the Preliminary Approval Order, Class Counsel shall post to its website a copy of the Settlement Notice and a copy of the Agreement.

The Court finds that the publication of the Notices in the manner and form set forth in Paragraph 9.2 of the Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Settlement Class Members.

    B. **Declaration of Notices Compliance**. At least seven (7) days prior to the Final Settlement Hearing, counsel for America's Best and Class Counsel shall provide the Court with

declarations from competent declarants stating that they have complied with their respective obligations in Section 9 of the Agreement.

### IV. Procedures for Final Approval of the Agreement

#### A. Final Settlement Hearing

The Final Settlement Hearing shall be held before this Court at **11:00 a.m. on February 6, 2013**, in Courtroom 2503 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. The purpose of the hearing shall be: (a) to determine whether a Settlement Class shall be finally certified for settlement purposes; (b) to determine whether the Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (c) whether the Final Approval Order and Judgment should be entered herein; (d) to consider Class Counsel's petition for attorneys' fees and expenses; (e) to consider any objections of any affected persons as to the Settlement or Class Counsel's petition for attorneys' fees and expenses; and (f) to rule on all other matters as the Court may deem appropriate.

All supporting affidavits and memoranda, and responses to any objections, shall be filed by the Parties no later than **January 23, 2013**.

The Court reserves the right to adjourn the date of the Final Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Agreement. The Court may approve the Agreement, with such modifications as may be agreed to by both counsel for America's Best and Class Counsel, without further notice to the Settlement Class.

B.  **Objections of Settlement Class Members**

Settlement Class Members may present written objections to the Settlement or to Class Counsel's petition for attorneys' fees and expenses, and/or appear at the Final Settlement Hearing in the manner set forth this Section of this Preliminary Approval Order. Any objections must comply with the procedures outlined in this Preliminary Approval Order and the Notices appended to this Preliminary Approval Order as Exhibits 1 and 2. Strict compliance with these procedures is required.

Any Settlement Class Member who wishes to object to the Settlement, or to any award of attorneys' fees and expenses, must serve a written statement of his or her objection by United States first class mail, hand delivery, or overnight mail on the Court, Class Counsel, and counsel for America's Best so that it is received no later than **January 9, 2013**, which is twenty-eight (28) days before the Final Settlement Hearing. Objections sent to the Court should be addressed to Judge James B. Zagel, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. Objections sent to the Parties should be addressed to the Parties in accordance with the notice provisions set forth in Section IV.C. The written objection must include (1) the name of this lawsuit, Luna v. America's Best Contacts & Eyeglasses, Inc., 11-cv-01783; (2) the objector's full name and address; (3) the objector's dated signature; (4) each specific reason(s), if any, for each objection including the objector's experience with America's Best; (5) the location of the America's Best store in which the objector either sought and was denied access to services or was otherwise adversely treated on the basis of the objector's ambulatory disability and the date on which such denial of access or other adverse treatment occurred; and (6) any legal support

5

that the objector wishes to bring to the Court's attention, and any evidence the Settlement Class Member wishes to introduce in support of the objection.

Settlement Class Members may so object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, he or she must do so at his or her own expense. The attorney must: (1) file a Notice of Appearance with the Clerk of Court **no later than 28 days before the Final Settlement Hearing;** and (2) deliver to all counsel a copy of the Notice of Appearance so that it is received **no later than 28 days before the Final Settlement Hearing.**

Any Settlement Class Member who properly serves a timely written objection may appear at the Final Settlement Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to Settlement or to any award of attorneys' fees and expenses. Settlement Class Members or their attorneys intending to make an appearance at the Final Settlement Hearing must serve by United States first class mail, hand delivery, or overnight mail to the Court and all parties a written notice of intention to appear so that it is received **no later than January 9, 2013,** which is twenty-eight (28) days before the Final Settlement Hearing.

Subject to the Court's discretion, any Settlement Class Member who fails to strictly comply with the procedures herein shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and if the Settlement is finally approved, shall be bound by all the terms of the Agreement, and by all proceedings, orders and judgments in this Action.

C.    **Petition for Attorneys' Fees and Expenses**

Class Counsel's petition for attorneys' fees and expenses shall be filed and served no later than November 19, 2012. Within one (1) day of filing its fee petition, Class Counsel shall

post its petition for attorneys' fees and expenses on its website. The Notices shall set forth the amount of fees Class Counsel will seek.

**V.     Injunction Against Other Lawsuits and Release of Claims**

Pending a final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no Settlement Class Member may, either directly, representatively, or in any other capacity, prosecute, initiate, participate in or commence any individual, class, or other action with respect to the Released Claims against any of the Released Parties.

Pending a final determination of the fairness, reasonableness and adequacy of the proposed Agreement, no Named Plaintiff may, either directly, representatively, or in any other capacity, prosecute, initiate, participate in or commence any individual, class, or other action against any of the Released Parties with respect to the Released Claims and all claims, including but not limited to claims for money damages, relating to (i) Accessibility at America's Best stores prior to the Effective Date; (ii) America Best's policies, procedures, and/or practices regarding Accessibility prior to the Effective Date; and (iii) any claims based on conduct and events prior to the Effective Date that are reasonably related to those alleged in the Action.

**VI.    Miscellaneous**

   **A.     No Admission by the Parties**. None of the provisions of this Preliminary Approval Order or the Settlement as reflected in the Agreement and the exhibits thereto, nor any statements made or documents exchanged or referred to in negotiating the Settlement or in proceedings relating to the Settlement, nor the fact or existence of this Preliminary Approval Order or the Settlement or the Agreement shall be deemed a presumption, concession, or an admission by the Released Parties of any fault, liability, or wrongdoing as to any facts or claims that have been or could be alleged or asserted by Named Plaintiffs and Settlement Class

members arising out of or relating to or in connection with the matters alleged in the complaint in this Action. None of the provisions of this Preliminary Approval Order or the Settlement as reflected in the Agreement and the exhibits thereto, nor any statements made or documents exchanged or referred to in negotiating the Settlement or in proceedings relating to the Settlement, nor the fact or existence of this Preliminary Approval Order or the Settlement or the Agreement shall be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in any action or proceeding, as an admission or otherwise, whether civil, criminal, or administrative; provided, however, that the Agreement may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Agreement has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement.

**B.** **Notice.** Copies of any and all notices to the Parties, Class Counsel or counsel for America's Best required under the Agreement shall be served by United States first class mail, hand delivery, or overnight mail on the Parties as follows:

Class Counsel:
Andrés J. Gallegos
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601

Counsel for America's Best:
Rachel B. Niewoehner
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603

SO ORDERED this 4th day of October, 2012.

Honorable James B. Zagel
United States District Judge