IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENÉ D. LUNA *et al.*, | ) |
| Plaintiffs, | ) No. 11-CV-01783 |
| v. | ) Judge James B. Zagel |
| AMERICA'S BEST CONTACTS & EYEGLASSES, INC. | ) Magistrate Judge Young B. Kim |
| Defendant. | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, a putative nationwide class action, *René D. Luna et al. v. America's Best Contacts & Eyeglasses, Inc.*, No. 11-CV-01783, is pending before the Court (the "Action");

WHEREAS, on September 20, 2012, the Plaintiffs and Defendant ("the Parties") executed and filed a Stipulation and Class Settlement Agreement ("Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Action (the "Settlement") and the dismissal of the Action upon the terms and conditions set forth therein;

WHEREAS, on February 6, 2012, this Court conducted a hearing (1) to determine whether a Settlement Class should be finally certified for settlement purposes; (2) to determine whether the Settlement of the Action on the terms and conditions provided for in the Agreement, which is incorporated herein by reference, is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (3) whether the Final Approval Order and Judgment should be entered herein; (4) to consider Class Counsel's petition for attorneys' fees and expenses; (5) to consider any objections of any affected persons as to the Settlement or Class

1

Counsel's petition for attorneys' fees and expenses; and (6) to rule on all other matters as the Court may deem appropriate (the "Final Settlement Hearing");

WHEREAS, the Court was advised at the Final Settlement Hearing that the Notices in the form approved by the Court were distributed in accordance with the terms of the Agreement;

WHEREAS, the Court was advised at the Final Settlement Hearing that notice was provided to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715; and

WHEREAS, the Court having considered all matters submitted to it at the Final Settlement Hearing, including the arguments of counsel for the Parties and counsel for any objectors.

### NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order and Judgment.

2. The Court has jurisdiction over the subject matter of the Action, Named Plaintiffs, Settlement Class Members, and America's Best.

3. Pursuant to Fed. R. Civ. P. 23(b)(2), the Court hereby finally certifies, for purposes of effecting the Settlement only, a Settlement Class consisting of: "All persons who (a) have an ambulatory disability for which they use wheelchairs or scooters, and (b) between the dates of March 15, 2009 and the date of entry of the Final Approval Order and Judgment were or would have been unable to obtain eye examination services and care at an America's Best Store due to a reason related to their disability or who were otherwise treated adversely due to a reason related to their disability."

4. The Court appoints the following three individuals as the Class Representatives for the Settlement Class: René D. Luna, Rebecca Wylie, and Javier Robles.

5. The Court appoints the following firm as Class Counsel for the Settlement Class: Robbins, Salomon & Patt, Ltd.

6. The Court finds that Defendant has complied with the notice requirements as set forth in the Agreement and as required pursuant to 28 U.S.C. § 1715, and has previously filed declarations confirming its compliance with these requirements.

7. The publication of the Notices in the manner and form set forth in Section 9.2 of the Agreement met the requirements of Fed. R. Civ. P. 23 and due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice to the Settlement Class Members.

8. No objections to the Settlement were filed.

9. The Settlement, as provided for by the terms of the Agreement, is approved as fair, reasonable and adequate, and the Parties are directed to consummate the Settlement in accordance with the terms and conditions of the Agreement.

10. (a) For purposes of this Section 10, the following definitions (which are identical to the definitions contained in the Agreement) shall apply:

(i) "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind whatsoever for declaratory or injunctive relief only, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, including Unknown Claims (defined below), that Named Plaintiffs or any or all other members of the Settlement Class ever had or have prior to the date of entry of the Final Approval Order and Judgment, whether direct, derivative, individual, class, representative,

legal, equitable or of any other type, or in any other capacity, against any of the Released Parties (defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under the ADA), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, failures to act, transactions, occurrences, statements, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof related to, directly or indirectly, the allegations in the Action in any court, tribunal, forum or proceeding, including, without limitation, any claims for declaratory or injunctive relief which are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) a denial of access to facilities, goods, services, or accommodations at the Stores; (ii) discrimination or harassment in the full and equal access to and/or enjoyment of facilities, goods, services, or accommodations at the Stores on the basis of the Settlement Class Member's ambulatory disability; (iii) claims for fees, expenses or costs incurred in prosecuting or settling the Action, or in connection with any claim for benefits conferred on the Class; provided, however, that Released Claims shall not include the right to enforce the Agreement or claims for monetary damages.

        (ii)    "Released Parties" means (a) America's Best, National Vision, Inc., Consolidated Vision Group, Inc., Independent Professional Corporations, and their past, present and future parents, divisions, subsidiaries, partnerships, affiliates, and other related entities (whether or not they are wholly owned); (b) the past, present, and future owners, trustees, investors, fiduciaries, administrators, shareholders, directors, officers, partners, agents, representatives, members, associates, employees, independent contractors, and attorneys of each entity listed in subpart (a) above; and (c) the predecessors, successors, assigns, spouses, family,

descendents, relatives, heirs, devisees, legatees, executors, and administrators of each such entity listed in subparts (a) and (b) above. The Parties expressly intend the other Released Parties to be third party beneficiaries of the Agreement.

(iii) "Unknown Claims" shall mean any claim for declaratory or injunctive relief that Named Plaintiffs or any other member of the Settlement Class do not know or suspect exists in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those claims which, if known, might have affected the decision to enter into the Agreement. With respect to any of the Released Claims, the Parties stipulate and agree that upon entry of the Final Approval Order and Judgment, Named Plaintiffs shall expressly and each member of the Settlement Class shall be deemed to have, and by operation of the Final Approval Order and Judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Named Plaintiffs acknowledge and the Settlement Class by operation of law shall be deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Named Plaintiffs, and by operation of law the Settlement Class, to completely, fully, finally and forever extinguish any and all Released Claims without regard to any subsequent discovery of additional or different facts. Named Plaintiffs acknowledge, and the Settlement Class by

operation of law shall be deemed to acknowledge, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a material element of the Agreement and was relied upon America's Best in entering into the Agreement. Released Claims do not include claims for monetary damages.

(b) As of the Effective Date, the Released Claims shall be deemed discharged and relinquished. As of the Effective Date, Named Plaintiffs and all members the Settlement Class, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, shall fully, finally and forever release, settle and discharge the Released Parties from and with respect to the Released Claims; provided, however, that the Release of Defendant shall not include Named Plaintiffs' and Class Counsel's rights to enforce the Agreement.

(c) As of the Effective Date, the Named Plaintiffs and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, shall fully, finally and forever release, settle and discharge the Released Parties from and with respect to the Released Claims and all claims, including but not limited to claims for money damages, relating to (i) Accessibility at America's Best stores prior to the Effective Date; (ii) America Best's policies, procedures, and/or practices regarding Accessibility prior to the Effective Date; and (iii) any claims based on conduct and events prior to the Effective Date that are reasonably related to those alleged in the Action.

11. By operation of this Final Approval Order and Judgment, Named Plaintiffs and all members the Settlement Class will be forever barred and enjoined from commencing, participating in, instituting or prosecuting any action or other proceeding, in any forum, asserting any Released Claims against any of the Released Parties.

12. By operation of this Final Approval Order and Judgment, Named Plaintiffs will be forever barred and enjoined from commencing, participating in, instituting or prosecuting any action or other proceeding, in any forum, against any of the Released Parties, asserting Released Claims and any claims, including but not limited to claims for money damages, relating to (i) Accessibility at America's Best stores prior to the Effective Date; (ii) America Best's policies, procedures, and/or practices regarding Accessibility prior to the Effective Date; and (iii) any claims based on conduct and events prior to the Effective Date that are reasonably related to those alleged in the Action.

13. In consideration of their additional releases of claims for monetary damages and in further consideration for their personal efforts in undertaking to prosecute the Action on behalf of the Settlement Class, pursuant to the terms of the Agreement, the Named Plaintiffs shall receive payment in the amount of Ten Thousand Dollars ($10,000.00) to be distributed among them as they determine in their sole discretion.

14. The Parties shall file with the Court a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) dismissing the entire Action without prejudice. This Stipulation of Dismissal without Prejudice shall be converted to a Stipulation of Dismissal with prejudice on the last day of the Settlement Term. Subsequent to the filing of such Stipulation of Dismissal, and without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing jurisdiction solely to enforce the terms of the Agreement consistent with the Releases executed as part of the Agreement. The Stipulation of Dismissal shall include language stating that the judgment is being entered to allow the Parties to enforce the terms of the Agreement and that the "without prejudice" language shall not allow either party to reopen issues resolved by the judgment.

15. None of the provisions of this Final Approval Order and Judgment or the Preliminary Approval Order or the Settlement as reflected in the Agreement and the exhibits thereto, nor any statements made or documents exchanged or referred to in negotiating the Settlement or in proceedings relating to the Settlement, nor the fact or existence of this Final Approval Order and Judgment or the Preliminary Approval Order or the Settlement or the Agreement shall be deemed a presumption, concession, or an admission by the Released Parties of any fault, liability, or wrongdoing as to any facts or claims that have been or could be alleged or asserted by Named Plaintiffs and Settlement Class members arising out of or relating to or in connection with the matters alleged in the complaint in this Action. None of the provisions of this Final Approval Order or Preliminary Approval Order or the Settlement as reflected in the Agreement and the exhibits thereto, nor any statements made or documents exchanged or referred to in negotiating this Final Approval Order and Judgment or the Preliminary Approval Order or the Settlement or in proceedings relating to the Settlement, nor the fact or existence of this Final Approval Order and Judgment or the Preliminary Approval Order or the Settlement or the Agreement shall be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in any action or proceeding, as an admission or otherwise, whether civil, criminal, or administrative; <u>provided, however</u>, that the Agreement and/or this Final Approval Order and Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Agreement and/or this Final Approval Order and Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or this Final Approval Order and Judgment.

16. Class Counsel is hereby awarded attorneys' fees in the sum of $ 234,100.00 for work performed to date in connection with the Action, which sum the Court finds to be fair and reasonable, and reimbursement of expenses in the amount of $ 500.00. Such sums shall be paid pursuant to the provisions of the Agreement. The Court further approves the provisions in Section 7.2(c) of the Agreement governing reimbursement of reasonable fees and expenses to be incurred by Class Counsel for work performed after the Effective Date, which fees and expenses shall be subject to a total cap of $97,250 for the Settlement Term. Such sums shall be paid pursuant to the provisions of the Agreement. Class Counsel shall not make any further or additional application for fees and expenses, except as contemplated by the Agreement.

17. If the Effective Date does not occur, or, on or following appellate review this Final Approval Order and Judgment is modified or reversed in any material respect, consistent with Sections 11 and 23 of the Settlement Agreement, this Final Approval Order and Judgment shall be declared and rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith except for paragraph 15 hereof and Sections 20, 22, 25, 28, 29 and 30 of the Agreement, which shall survive any such termination or vacatur, shall be null and void, and the Parties returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the Settlement.

18. The binding effect of this Final Approval Order and Judgment and the obligations of Plaintiffs and Defendant under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Final Approval Order and Judgment that relates solely to the issue of Class Counsel's application for, or submission for approval of, an award of attorneys' fees and expenses.

26 February 2013

9

DATED 26 Feb 2013

_____
THE HONORABLE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE

DATED 26 Feb 2013